UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

In Re:   Anthony Pierre Linsey                                    Chapter 13
                                                                  Case No. ___
Debtor.

## Chapter 13 Plan

Address:     Debtor   1610 Liberty Road, Moscow, TN 38057

Plan Payment:

Debtor Shall Pay:   $228.00 Weekly
   Or by:  (X) Payroll Deduction   Carrier Corp, 9 Farm Springs Road, stop 541-90, Farmington, CT 06032

1. This Plan [Rule 3015.1 Notice]:

    (A) Contains a Non-standard Provision [See provision 19].                                      (X) Yes   ( ) No

    (B) Limits the Amount of a Secured Claim Based on a Valuation of the Collateral for the Claim  (X) Yes   ( ) No
        [See provisions 7 and 8].

    (C) Avoids a Security Interest or Lien. [See provision 12].                                    ( ) Yes   (X) No

2. Administrative Expenses: Pay Filing Fee and Debtor Attorney's Fee Pursuant to Confirmation Order.

3. Auto Insurance:     ( ) Included in Plan      Or (X) Not Included in Plan if proof provided by Debtor

4. Domestic Support Paid By:  ( ) Debtor Directly  ( ) Wage Assignment   ( ) Trustee To:          Monthly Pmt.
                              ongoing payment begins   _____                    _____
                              Approximate arrearage    _____                    _____
                              ongoing payment begins   _____                    _____
                              Approximate arrearage    _____                    _____

5. Priority Claims:                                                                               Monthly Pmt.
                                                   Amount   _____                _____
                                                   Amount   _____                _____

6. Home Mortgage Claims:     ( ) Paid Directly by Debtor or (X) Paid by Trustee To:              Monthly Pmt.
    Rushmore                 ongoing payment begins   August 2019                                 $720.00
                             Approximate arrearage   $5,760.00     Interest    0.00%              $96.00
                             ongoing payment begins   _____                    _____
                             Approximate arrearage   _____   Interest   _____   _____

7. Secured Claims [Retain Lien 11 U.S.C. §1325 (a)(5)]:   Collateral Value      Interest Rate    Monthly Pmnt.
    _____                 _____       _____    _____
    _____                 _____       _____    _____

8. Secured Automobile Claims for Debt Incurred Within 910 Days of Filing, and Other Secured Claims for Debt Incurred Within One Year of Filing [Retain Lien 11 U.S.C. §1325 (a)(5)]:

   |  | Collateral Value | Interest Rate | Monthly Pmnt. |
   |---|---|---|---|
   |  |  |  |  |
   |  |  |  |  |

9. Secured Claims for Which Collateral Will Be Surrendered; Stay Is Terminated Upon Confirmation for the Limited Purpose of Gaining Possession and Commercially Reasonable Disposal of Collateral:

   |  | Collateral |  |
   |---|---|---|
   |  | Collateral |  |

10. Special Class Unsecured Claims:

    |  | Collateral Value | Interest Rate | Monthly Pmnt. |
    |---|---|---|---|
    |  |  |  |  |
    |  |  |  |  |

11. Student Loan Claims and Other Long Term Claims:

    |  | ( ) Not Provided For | ( ) General Unsecured Creditor |
    |---|---|---|
    |  | ( ) Not Provided For | ( ) General Unsecured Creditor |

12. The Judicial Liens or Non-possessory, Non-purchase Money Security Interests Held by the Following Creditors Are Avoided to the Extent Allowable Pursuant to 11 U.S.C. §522(f):

13. Absent a Specific Court Order Otherwise, All Timely Filed Claims, Other than Those Specifically Provided for Above, Shall Be Paid as General Unsecured Claims.

14. Estimated Total General Unsecured Claims: _____ .

15. The Percentage to Be Paid to Non-priority, General Unsecured Claims Is:   ( ) _____ ;
    Or  (X) Trustee Shall Determine the Percentage to Be Paid after Passage of Final Bar Date.

16. This Plan Assumes or Rejects Executory Contracts:

    |  | ( ) Assume | ( ) Reject |
    |---|---|---|
    |  | ( ) Assume | ( ) Reject |

17. Completion:    Plan shall be completed upon payment of the above, approximately  60  months.

18. Failure to Timely File a Written Objection to Confirmation Shall Be Deemed Acceptance of Plan.

19. Non-standard Provisions:
    For the purposes of provision 8, all collateral will be assumed to have exceeded the time limits set forth in the hanging paragraph following § 1325(a)(9), unless the debtor is in possession of the original contract

    Any Non-standard Provision Stated Elsewhere Is Void.

20. Certification: This Plan Contains No Non-standard Provisions Except Those Stated in Provision 19.

    /s/ Jimmy E. McElroy  TN Bar #011908        Date    May 17, 2019
    Debtor's Attorney's Signature

                                                                                        May 17, 2019

                                                                                        910 > November 18, 2016